In the Matter of the CITY OF NEW YORK, Petitioner, against ROSARIO VENEZIA et al., Respondents.

Supreme Court, Special Term, Kings County, July 2, 1948.

*John P. McGrath, Corporation Counsel* (*Morris Weitzer* of counsel), for petitioner.

*Sidney H. Gittelson* for respondents.

LIVINGSTON, J.  On October 29, 1947, a notice pursuant to section 38-a of the General City Law was served upon the City of New York by Rosario and Lillian Venezia, as aggrieved individuals, to compel the removal of the front wall of a certain garage building located upon premises described in the notice. The cited section relates to the " Removal of walls encroaching on streets."  Subdivision 1 thereof governs the procedure

applicable where the " front or other exterior wall ", constituting an encroachment upon any street or highway, is part of a building " erected on or before the first day of January, nineteen hundred twenty ". Subdivision 2 of the section applies where the encroaching front or other exterior wall is part of " any building erected *after* the first day of January, nineteen hundred twenty." (Italics supplied.) The above-mentioned notice specifies that the garage building in question " was erected after the first day of January 1920, to wit, in 1947." The City of New York applies herein for an order striking out, canceling and discharging the notice on the ground that since the garage building was erected *subsequent* to April 29, 1941, the date when section 38-a became effective (L. 1941, ch. 889), the provisions of the statute are not applicable thereto. I cannot accept such contention as sound. It will be noted that subdivision 2 of the section explicitly is made to apply to " any building erected after the first day of January, nineteen hundred twenty ". There is nothing in the law as far as I can see that limits the application of this statute only to buildings erected prior to the effective date of the statute. In the absence of a limitation to such effect, it cannot be fairly urged that the Legislature intended that the benefits conferred by subdivision 2 were to be available only where the offending building was erected between January 1, 1920, and April 29, 1941. Had such been the legislative intent it is fair to assume that appropriate language expressive of such design would have been employed. The motion is denied. Submit order.